HUMASON (UNITED STATES v.). See Case No. 15,421.

# Case No. 6,865.

## HUME v. PITTSBURGH, C. & ST. L. R. CO.

[8 Biss. 31.] [1]

Circuit Court, D. Indiana. Aug., 1877.

SERVICE ON CORPORATION — DOMICILE OF CORPORATION—SERVICE ON AGENT OUTSIDE OF STATE.

1. Service upon a corporation in order to bring it into court must be made under the United States, not under a state, statute.

2. A corporation, being the creature of local law, dwells only within the territorial boundaries of the sovereign or state which creates it, and it cannot be an inhabitant of another state.

3. Under the act of congress of March 3, 1875 [18 Stat. 470], which declares that, "No civil suit shall be brought against any person by any original process in any other district than that whereof he is an inhabitant or in which he shall be found," a corporation can not be served by process outside of the state where it was created.

[Cited in Zanebrino v. Galveston, H. & S. A. Ry. Co., 38 Fed. 452.]

4. The presence of an agent of a foreign corporation is not the presence of the corporation within the meaning of the act.

George Hume, administrator of the estate of Mary E. Hume, deceased, a citizen of Indiana, sues the Pittsburgh, Cincinnati and St. Louis Railroad Company, a corporation organized under the laws of Ohio and operating a line of railway between the city of Columbus, Ohio, and the city of Indianapolis, Indiana, for damages resulting from negligently running its cars over and killing the said Mary E. Hume, his wife. The summons was served by the marshal by reading and delivering a copy to J. A. Perkins, the defendant's agent at Indianapolis; the defendant appears specially by counsel and moves to quash the service of the process.

Dye & Harris, for plaintiff.
Baker, Hord & Hendricks, for defendant.

GRESHAM, District Judge. There are provisions in the statutes of Indiana requiring a foreign corporation, wishing to do business in this state, to consent by a resolution of its board of directors that it may be sued in the courts of this state, and that service on its agent found within the state shall be valid service on the corporation. 2 Davis' Rev. St. 45, 46, 281; 1 Davis' Rev. St. 373.

Section 1 of the act of congress approved March 3, 1875 (18 Stat. 470), declares that "no civil suit shall be brought against any person by any original process in any other district than that whereof he is an inhabitant, or in which he shall be found." To this extent there is no difference between the act of 1875 and the judiciary act of 1789 [1 Stat. 73]. If the service on the agent brought the defendant, a foreign corporation, into court, it was by virtue of section 1 of the act of 1875, and not under the statutes of Indiana.

———

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

This is a civil suit brought against an Ohio corporation by original process. A corporation being the creature of local law, dwelling only within the territorial boundaries of the sovereign or state which creates it, it follows that the defendant is not, and cannot be, an inhabitant of this state. Bank of Augusta v. Earl, 13 Pet. [38 U. S.] 584. Was the defendant "found" within this district when the summons was served on the agent?

The act of congress requires that the defendant, and not the defendant's agent, should be found within the district. The presence here of the agent of a foreign corporation is not the presence of the corporation, within the meaning of the act, any more than the presence of the agent of a natural person, a citizen of another state, is the presence of the principal. It does not follow that because the law of comity allows a corporation by its agents to transact business and enter into contracts beyond the limits of the state which brings it into being, that the corporation itself, like a natural person, may be found in a state other than that of which it is a citizen. In Bank of Augusta v. Earl, 13 Pet. [38 U. S.] 584, Chief Justice Taney, in delivering the opinion of the court, said: "But although it must live and have its being in that state only (the state of its creation), yet it does not by any means follow that its existence there will not be recognized in other places. * * * Now, natural persons through the intervention of agents, are constantly making contracts in countries in which they do not reside, and where they are not personally present when the contract is made, and nobody has ever doubted the validity of these engagements. And what greater objection can there be to the capacity of an artificial person, by its agents, to make a contract within the scope of its limited powers in a sovereignty in which it does not reside, provided such contracts are permitted to be made by the laws of the place?" And in Paul v. Virginia, 8 Wall. [75 U. S.] 181, the court says: "The corporation being the mere creature of local law, can have no legal existence beyond the limits of the sovereignty where created." It is too plain for argument that a corporation can not be found where it can have no legal existence. Pomeroy v. New York R. Co. [Case No. 11,261]; Stillwell v. Empire Fire Ins. Co. [Id. 13,449].

The statutes of Indiana, relied on by the plaintiff, do not proceed upon the idea that the presence of the agent of a foreign corporation is the presence of the corporation itself. By contract between the state and the foreign corporation, service on the local agent is made as effectual as service on the corporation itself. This legislation, in effect, concedes that a foreign corporation can not be found within the state.

If the legislature meant to declare that the presence of the agent of a foreign corporation was the presence of the corporation itself, it was quite unnecessary to require the corporation to agree that service on the agent should be equivalent to service on itself. But, as already stated, the question before the court must be decided on the terms of section 1 of the act of 1875. The motion to quash the service is sustained.

See Wilson Packing Co. v. Hunter [Case No. 17,852], and cases cited in the note.